# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff and Counter- ) | |
| Defendant, ) | |
| ) | No. 17 CV 2191 |
| v. ) | |
| ) | Judge John J. Tharp, Jr. |
| RLI INSURANCE COMPANY, ) | |
| ) | |
| Defendant, Counter- ) | |
| Plaintiff, and Third-Party ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VILLAGE GREEN MANAGEMENT ) | |
| COMPANY, ) | |
| ) | |
| Third-Party Defendant. ) | |

## ORDER

For the reasons set forth in the Statement below, Village Green Management's motion to dismiss the third-party complaint [27] is granted, without prejudice. RLI Insurance is given leave to further amend, on or before November 17, 2017, its answer to add Village Green as a counterclaim defendant with respect to RLI's claim for recoupment of payments made on behalf of its insureds.

## STATEMENT

This is an insurance coverage dispute. Like many such disputes, it is born of tragedy. The facts relevant to this motion are undisputed and, once the insurance jargon has been penetrated, straightforward. On July 30, 2010, Vance Welteroth, a child, was strangled when he became entangled with the cords from window coverings in the apartment where he lived with his parents. SC Forest Pointe, Inc. owned the apartment complex; Village Green Management Company managed the complex under contract with Forest Pointe. The underlying lawsuit against Village Green, Forest Pointe, and BlackRock Realty Advisors, another real estate advisory firm settled for $1 million; $775,000 of the settlement was allocated to Village Green and the remaining $225,000 to Forest Pointe and BlackRock.

Plaintiff Federal Insurance Co. paid the $775,000 to indemnify Village Green. Federal then filed this lawsuit seeking to recover that payment from RLI Insurance Company, asserting that RLI has a policy under which Village Green is insured on a primary and non-contributory basis. Federal alleges that RLI insured BlackRock and Forest Pointe, Inc., and that Village Green

was also insured under that policy because it served as a property manager for the real estate insureds.

RLI, in turn, filed a third-party complaint against Village Green, alleging that under its property management contract with Forest Pointe, it was required to, but did not, obtain its own insurance. In the event that it is held liable to Federal, RLI seeks to recover the $775,000 indemnity payment from Village Green, as well as the $225,000 settlement payment it made on behalf of BlackRock and Forest Pointe, on the basis that it is "subrogated to Forest Pointe' and BlackRock's rights against Village Green under the [property management agreement]." (RLI also filed a counter-claim against Federal asserting a claim that Federal was liable to RLI for the portion of the settlement proceeds that RLI paid on behalf of BlackRock and Forest Pointe.

Village Green moves to dismiss the third-party complaint. It argues first that RLI cannot recover the $775,000 indemnity payment from Village Green because, in the event that it has to reimburse Federal for that payment, it will be subrogated by virtue of that payment to Village Green's claims against third parties, not to any claims of BlackRock and Forest Pointe against Village Green.

Village Green is unquestionably correct that if RLI is deemed to be responsible for the indemnification payment made by Federal to Village Green, than it would become subrogated to any claims that the insured, Village Green, might have against third parties. But that liability would provide no subrogation rights to claims that BlackRock and Forest Pointe may have against Village Green, for the simple reason that subrogation rights are derived from the insured, not third parties. Subrogation "is a method whereby one who has involuntarily paid a debt or claim of another succeeds to the rights of the other with respect to the claim or debt so paid." *Dix Mut. Ins. Co. v. LaFramboise*, 149 Ill. 2d 314, 319, 597 N.E.2d 622, 624 (1992). "One who asserts a right of subrogation must step into the shoes of, or be substituted for, the one whose claim or debt he has paid and can only enforce those rights which the latter could enforce." *Id*. If accountable for the $775,000 payment to Village Green, RLI steps into the shoes of Village Green, not those of Forest Pointe or BlackRock. Village Green also makes the related point that an insurer cannot recover against an insured as a subrogee of that insured. "[N]o right of subrogation can arise in favor of an insurer against its own insured because, by definition, subrogation arises only with respect to rights of the insured against third persons to whom the insurer has no duty." *Halverson v. Stamm*, 329 Ill. App. 3d 1206, 1212, 769 N.E.2d 1076, 1082 (5th Dist. 2002).

RLI does not dispute the point, but maintains that it nevertheless has a valid claim against Village Green based on the fact that its payment of $225,000 on behalf of Forest Pointe and Blackrock make it their subrogee and permit it to assert their claims against Village Green to recover that payment. Rejection of its argument for recovery of the $775,000 paid to Village Green, it argues, does not invalidate its claim but only reduces its damages.

That is correct. At present, RLI, as the subrogee of Forest Pointe and BlackRock, has a viable claim against Village Green to recover the $225,000 payment made on behalf of those entities to settle the Welteroth case. To that extent, the motion to dismiss is denied, but to the extent that RLI asserts a claim against Village Green to recoup payment of the $775,000, that claim is dismissed.

That brings us to the question of how RLI's claim may be asserted. Village Green correctly notes that under Fed. R. Civ. P. 14(a), a third-party complaint may be brought only against a person "who is or may be liable to it for all or part of the claim against it." Since Village Green is not potentially liable on the claim asserted by Federal against RLI—reimbursement of the $775,000 insurance payment Federal made on behalf of Village Green—RLI cannot assert a third-party claim against Village Green. "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." 6 C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1446 at 431-34 (2010).

RLI and Village Green agree, however, that RLI may join Village Green as a counterclaim defendant pursuant to Rule 13(h). Though "Rule 13(h) only authorizes the court to join additional person in order to adjudicate a counterclaim or crossclaim that already is before the court," 6 C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1434 at 319 (2010), that condition is satisfied here because RLI has already asserted a counterclaim against Federal to recover the $225,000 it paid toward the settlement on behalf of Forest Pointe and BlackRock. It is therefore appropriate to permit RLI to amend that counterclaim to add Village Green as an additional counterclaim defendant.[1]

Dated: November 1, 2017

John J. Tharp, Jr.
United States District Judge

---

[1] The court agrees with Village Green that requiring RLI to amend its counterclaim, rather than simply treating the third-party complaint as a counterclaim, will promote clarity, as it will consolidate the allegations concerning RLI's claim to recoup its $225,000 payment and will eliminate allegations and claims pertaining to the claim for recoupment of the $775,000 payment to Village Green, as to which the motion to dismiss has been granted.